

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**IN ADMIRALTY**

CASE NO.



ALL UNDERWRITERS AT LLOYD'S
OF LONDON, Subscribing to Policy
No. BW0391/00

**CIV-KING** MAGISTRATE JUDGE

        Plaintiffs,

vs.

LAZARO BARROSO. individually,

        Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

    The Plaintiffs, ALL UNDERWRITERS AT LLOYD'S OF LONDON Subscribing to Policy

No. BW0391/00, by and through their undersigned counsel and pursuant to 28 U.S.C. §§2201 et

seq., hereby file this action for declaratory judgment against the Defendant, LAZARO BARROSO,

as follows:

    1.    This is an action for declaratory relief on a policy of marine insurance that is within

this Court's admiralty and maritime jurisdiction arising under 28 U.S.C. §1333.  The Complaint

herein sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal

Rules of Civil Procedure and the Supplemental Rules for Certain Admiralty and Maritime Claims.

    2.    The Plaintiff Underwriters are foreign entities which at all times material hereto

subscribed to a policy of marine insurance providing certain hull coverage for an 1997 28' Proline

vessel known as the "OLD MAN", owned by the Defendant.



3.      At all material times the Defendant, LAZARO BARROSO, was and is a citizen and resident of the State of Florida and domiciled in Miami-Dade County, Florida.

4.      On or about October 22, 2000, the Plaintiff Underwriters issued the subject policy of marine insurance for the Defendant's 1997 28' Proline vessel known as "OLD MAN." The policy was issued for a period of 12 months, effective October 22, 2000, and expiring October 22, 2001. (See, Policy of Insurance, attached hereto as Exhibit "A".)

5.      On January 8, 2001, the Defendant discovered that his vessel and trailer had been stolen from the open side yard of the Defendant's parents' residence in Hialeah, Florida. On January 22, 2001, the Defendant submitted a Yacht Owner's/Master's Protest notifying Plaintiff Underwriters of the loss.

6.      The Plaintiff Underwriters promptly investigated the claim.  As part of the investigation, a sworn statement of the Defendant was obtained in the presence of his attorney.  In his statement, the Defendant revealed the following circumstances regarding the loss of the insured vessel and trailer:

          a.      The vessel was brought to the Defendant's parents' house on
                   or around December 9, 2000, where it was stored on its trailer
                   in the side yard next to the Defendant's parents' house.

          b.      a.At all times material, the vessel and trailer were stored
                   together in the side yard, open and exposed to the street,
                   without a protective gate.  At no time material to the loss, was
                   the vessel ever in a "marina, locked garage, locked and
                   secured enclosure or locked and secured storage building," as
                   required by the terms of the policy.

7.      The Plaintiff's investigation further revealed that Defendant's vessel and trailer had been previously stolen in 1998 from the same location and subsequently recovered by the police in a "totally stripped" condition.    As a result, the Defendant made a claim with his previous

underwriters and the claim was paid.   Upon information or belief, the Defendant's previous underwriters did not renew his policy due to the loss.

8.      Thereafter, the Defendant completed a Yacht Insurance Application to obtain insurance from Plaintiff Underwriters, wherein the Defendant failed to disclose the prior theft of his vessel and trailer in 1998.   In response to the Yacht Insurance Application's inquiry as to "Loss History" the Defendant stated "None".  (See, Yacht Insurance Application, attached as Exhibit "B".)

9.      The policy of insurance provides hull and machinery coverage for direct physical loss or damage to the vessel from any external cause, excluding coverage, in pertinent part, for the following:

> *(7)*     Notwithstanding (5) and (6) above Theft coverage for vessels stored
> on trailer is restricted to theft occurring whilst the vessel is in a
> marina, locked garage, locked and secured enclosure or locked and
> secured storage building following upon forcible entry into the
> marina, locked garage, locked and secured enclosure or locked and
> secured storage building.

[See, Ex. "A", Section 1 - Hull, Exclusion ¶7]

10     The Plaintiffs' investigation revealed that, at all times material, the vessel and its trailer were not stored in a garage, a locked and secured enclosure or a locked and secured storage building and, accordingly, the theft of Defendant's vessel is expressly excluded from coverage by the terms and conditions of the policy.

11.     Plaintiffs' investigation further revealed that the Defendant failed to disclose his loss history, including a prior theft of the same vessel from the same location, when requesting insurance from Plaintiff underwriters and, accordingly, Defendant breached his duty of utmost good faith to disclose all facts material to the risk thereby rendering the policy void from its inception.

12.     Plaintiffs have brought this action pursuant to 28 U.S.C. §§ 2201 et seq. for the

PAGE 4

purposes of determining a question in actual controversy between the parties regarding coverage under the subject policy of marine insurance.

**WHEREFORE**, the Plaintiffs respectfully request the Court to adjudge that said policy does not provide coverage for the claimed loss, where the Defendant failed to store its vessel and trailer within a locked enclosure as required by the policy and where the Defendant failed to disclose facts material to the risk when applying for the subject policy of insurance. On this basis, Plaintiffs respectfully request the Court to enjoin and restrain Defendant from instituting any action against Plaintiffs for recovery of the amount of the policy or any part thereof, or for failure to pay the claim, pending determination of this action and to declare that the obligations of Plaintiffs herein are non-existent or limited in a manner to be proven at the time of trial.

Dated this ____15th____ day of August, 2001.

Respectfully submitted,

JONATHAN W. SKIPP
Florida Bar No. 710570
JARED A. WASHKOWITZ
Florida Bar No. 418129

HORR, NOVAK & SKIPP, P.A.
Attorneys for Plaintiffs
One Datran Center, Suite 1104
9100 S. Dadeland Boulevard
Miami, Florida 33156
Telephone: 305-670-2525
Telefax: 305-670-2526



## Marsh UK Ltd

### CERTIFICATE OF INSURANCE

This is to certify that in accordance with the authorisation granted under Contract No. YS00777R000000 to the undersigned by insurers detailed below and in consideration of the premium specified herein an insurance has been effected in accordance with the Terms and Conditions herein or endorsed hereon.

Participating Underwriters hereon:

100% LLOYDS OF LONDON
SYNDICATE COX 1208

DECLARATION PAGE

POLICY NO. BW0391/00  *BW0391/00*

INSURED: Lazaro Barroso    *LAZARO Barroso*
444 E 17 St., Hialeah, Florida 33010    *444 E. 17th St.*
*Hialeah, FL. 33010*

Additional Insured:

LOSS PAYEE: 1st Commercial, 2331 RT34-Allenwood New Jersey 08720
*1st Commercial*

EFFECTIVE DATE: 22-October-2000    12.01 A.M. TO    22-October-2001    12.01 A.M.    Local Standard Time
*10-22-00*    *10-22-01*

SCHEDULE OF INSURANCE

UPON THE BOAT. *1997*    *29'*    *Proline*    *"Old Man"*

| YEAR | LENGTH | MANUFACTURER/MODEL | NAME | SERIAL/REG# |
|---|---|---|---|---|
| 1997 | 28' | Proline | "Old Man" | |

OTHER:

| SECTION | COVERAGES | AMOUNT OF INSURANCE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|---|
| 1 | HULL, EQUIPMENT, MACHINERY INCLUDING MAST, SPARS, RIGGING & SAILS IN RESPECT OF SAILING VESSELS | US$ 80,000  *80K* | US$ 1,600  *1,600* | US$ 925 |
| | | N/A | N/A | N/A |
| | TRAILER | US$ 3,200  *3,200* | US$ 250  *250* | US$ 50 |
| | RACING RISKS VALUE OF MAST, SPARS RIGGING & SAILS | N/A | N/A | N/A |
| | TOTAL SUM INSURED | US$ 83,200  *83,200* | | US$ 1,005 |
| 2 | LIABILITY COVER (if commercial) No. Of Crew No. Of Passengers | US$ 300,000  *300K* | US$ 500  *500* | US$ 250 |
| 3 | MEDICAL PAYMENTS | US$ 5,000  *5K* | US$ 100  *100* | US$ 25 |
| 4 | PERSONAL EFFECTS | AMOUNT OF INSURANCE US$ 1,000  *1K* | US$ 100  *100* | INCLUDED |
| 5 | UNINSURED BOATER COVERAGE | US$ 25,000  *25K* | US$ 500  *500* | INCLUDED |

TOTAL: US$ 1,280
CERTIFICATE FEE: US$ 25
TOTAL PREMIUM: US$ 1,305

NAVIGATION LIMITS: Florida and the Bahamas

CONDITIONS: Per attached policy wording (dated 20 April 2000) including all terms, conditions, exclusions, clauses and warranties contained therein
Subject to the Named Windstorm Deductible Clause as per policy wording.
Warranted Private Pleasure Use Only.

In the event of any occurrence which may lead to a claim under this insurance, immediate notice must be given to:

Marsh UK Ltd
No. 1, The Marsh Centre
London
E1 8DX
TELEPHONE: 0207 357 1000
FACSIMILE: 0207 337 5458

Issued in London for and on behalf of:
Marsh UK Ltd
Acting as Agent of Marsh Ltd

Director
Dated in London: 27 October, 2000


PLAINTIFF'S EXHIBIT "A"



## Marsh UK Ltd

### CERTIFICATE OF INSURANCE

This is to certify that in accordance with the authorisation granted under Contract No. YS00777R000000 to the undersigned by insurers detailed below and in consideration of the premium specified herein an insurance has been effected in accordance with the Terms and Conditions herein or endorsed hereon.

Participating Underwriters hereon.

100% LLOYDS OF LONDON
SYNDICATE COX 1208

**DECLARATION PAGE**

POLICY NO. BW0391/00    *BW0391/00*

INSURED:   Lazaro Barroso    *LAZARO Barroso*
444 E 17 St., Hialeah, Florida 33010    *444 E. 17th St.*
*Utaleah, FL. 33010*

Additional Insured:

LOSS PAYEE:    1st Commercial, 2331 RT34-Allenwood New Jersey 08720
*1st Commercial*

| EFFECTIVE DATE: | 23-October-2000   12.01 A.M. TO | 22-October-2001   12.01 A.M. | Local Standard Time |
|---|---|---|---|
| | *10-22-00* | *10-22-01* | |

SCHEDULE OF INSURANCE    *"Old Man"*

| UPON THE BOAT: | 1997 *1997* | 29' *29'* | Proline *Proline* | "Old Man" | |
|---|---|---|---|---|---|
| | YEAR | LENGTH | MANUFACTURER/MODEL | NAME | SERIAL/REG# |

OTHER:

| SECTION | COVERAGES | AMOUNT OF INSURANCE | DEDUCTIBLE | PREMIUM |
|---|---|---|---|---|
| 1 | HULL, EQUIPMENT, MACHINERY INCLUDING MAST, SPARS, RIGGING & SAILS IN RESPECT OF SAILING VESSELS | US$ 80,000 *80K* | US$ 1,600 *1,600⁰⁰* | US$ 925 |
| | | N/A | N/A | N/A |
| | TRAILER | US$ 3,200 *3,200⁰⁰* | US$ 250 *2 500⁰⁰* | US$ 80 |
| | RACING RISKS VALUE OF MAST, SPARS RIGGING & SAILS | N/A | N/A | N/A |
| | TOTAL SUM INSURED | US$ 83,200 *83,200⁰⁰* | | US$ 1,005 |
| 2 | LIABILITY COVER (If commercial) No. Of Crew No. Of Passengers | US$ 300,000 *300K* | US$ 500 *500* | US$ 250 |
| 3 | MEDICAL PAYMENTS | US$ 5,000 *5K* | US$ 100 *100* | US$ 25 |
| | | AMOUNT OF INSURANCE | | |
| 4 | PERSONAL EFFECTS | US$ 1,000 *1K* | US$ 100 *100* | INCLUDED |
| 5 | UNINSURED BOATER COVERAGE | US$ 25,000 *25K* | US$ 500 *500* | INCLUDED |
| | | | TOTAL: | US$ 1,280 |
| | | | CERTIFICATE FEE: | US$ 25 |
| | | | TOTAL PREMIUM: | US$ 1,305 |

NAVIGATION LIMITS:    Florida and the Bahamas

CONDITIONS:    Per attached policy wording (dated 20 April 2000) including all terms, conditions, exclusions, clauses and warranties contained therein
Subject to the Named Windstorm Deductible Clause as per policy wording.
Warranted Private Pleasure Use Only.

In the event of any occurrence which may lead to a claim under this insurance, immediate notice must be given to:

Marsh UK Ltd
No. 1, The Marsh Centre
London
E1 8DX
TELEPHONE: 0207 357 1000
FACSIMILE: 0207 357 5658

Issued in London for and on behalf of:-
Marsh UK Ltd
Acting as Agent of Marsh Ltd

Director
Dated in London: 27 October, 2000

20 April, 2000

## INTRODUCTION

The following is a legal contract between You (the named Insured) and Us (The Company) consisting of this Policy including a Declaration Page and Endorsement Page(s) incorporated therein.

The Declaration Page shows the information, which applies, specifically to Your Boat and the insurance You have purchased in respect of Your Boat.

Among other things, the Declaration Page shows: –

- You, as the named insured;

- The property covered;

- The coverage's and amounts of insurance You have chosen;

- The charges for these coverage's;

- The term Your policy is in effect;

- The Company providing Your coverage;

- Your policy number;

- The name of the lienholder, if any;

- The navigation limits;

- The endorsements effective;

- The deductible(s).

The Endorsements Page(s) show the agreed variation(s) to Your policy.  You should review the policy wording, Declaration Page and Endorsement Page(s) carefully to be sure that they provide and identify the coverage's and amounts of insurance that You require.

*777 R Cox/Aschener 2000*

1

06/25/2001  17:01   9549243575          AMB INTL                    PAGE   03

20 April, 2000

## POLICY DEFINITIONS

A.  "You" and "Your" - Refer to the insured named on the Declarations Page.

B   "We", "Us" and "Our" - Refer to the Company providing this insurance named on the Declarations Page.

C.  "Insured Persons" - Means You, a related household member or any other person operating Your boat with Your permission and without charge. This does not include:

A paid captain or paid crew member, unless extended;
A person or organization or their agent or employee operating a marina, shipyard, yacht club, charter operation, sales agency or like organisation;

D.  "Boat Trailer" - Means the boat's trailer, which is exclusively used for that purpose;

E.  "Navigation Limits" - Means all waters as limited and shown on the Declarations Page unless mutually agreed and amended.

F   "Collision Liability" - We will indemnify you any sum or sums paid by you to any other person or persons by reason of you becoming legally liable by way of damages for

loss of or damage to any other vessel or property on any other vessel

delay to or loss of use of any such other vessel or property thereon

where such payment by you is in consequence of your boat hereby insured coming in collision with any other vessel.

G.  "Salvage Charges" - Means those reasonable charges and expenses which are incurred by You if necessary to prevent damage, injury or loss of life and with our permission to prevent or minimize any further loss or damage covered by Section 1 of Your Policy.

H.  "Deductible" - A deductible is the first amount of any claim, which must be paid by You. If a deductible is applicable to any Section of your Policy, the amount will be shown on the Declarations Page and this amount shall be deducted from the amount payable on each admissible claim. The deductible may vary over the integral components, equipment and shown on the Declarations Page, but in any one incident the sum of the deductibles shall not exceed the deductible as applicable to the Boat.

I.  "Bodily Injury/Property Damage" - Means bodily injury or property damage occurring during the period of this Policy arising from the ownership and/or use of the Boat.

J.  "Boat" - Means the Boat described on the Declarations Page and may include integral components, equipment and accessories normally used on the boat and pertinent to the operation of the Boat. The Boat includes hull(s), machinery, masts, spars, rigging and sails, equipment, accessories, tender(s) and trailer.

   1   "Boat Hull" - Means hull, deck, cabin, deck hardware and fixtures and fittings, for the use and/or safety of the Boat on deck or below deck that would not normally be

777 R Cox/Aachener 2000

20 April, 2000

demountable and would be sold with the Boat, and includes generators, refrigerators, desalinators, air conditioning and hydraulic equipment.

2    "Boat Machinery" - Means the motor(s) being inboard or outboard and their drive units, being sterndrive or jet, and their transmission boxes, jet units, shafts, propellers, skegs and wiring control cables.

3    "Boat Mast(s), Spars, Rigging and Sails" - Means masts, booms and fittings including spinnaker poles, standing and running rigging and sails both in use and on the Boat.

4    "Boat Equipment" - Means instruments and electronic equipment which is not normally demountable and safety equipment in accordance with regulations and any other equipment intended for use with and/or safety of the Boat which includes Boat canopies and covers, anchors, oars, extra fuel tanks, batteries, tools and all other equipment normally demountable but excluding property of a personal nature.

5    "Boat Tender(s)" - Means the Boat's tender(s) (dinghy) and the motors, provided you are the owner and the tender is used to service the Boat and is not more than twenty feet (20') in length nor capable of speeds in excess of twenty (25) knots.

6    Sportsfishing equipment including rod reels, gaffs, spar guns and associated equipment are excluded from Boat Equipment and Personal Effects coverage and will only be covered if specifically declared and endorsed hereon.

777 R Cox/Aschener 2000

4

20 April, 2000

## IN THE EVENT OF A LOSS

A.   Actions to Take:

   (1)   Immediately upon a loss You are to:

      a)   Take all necessary steps to protect the property from further loss.  We will pay the reasonable expenses incurred in doing this when the loss is covered under this policy.  We do not pay for your labor or personal expenses and We do not pay an amount exceeding the insured value of the boat;
      b)   Give us immediate notification of the loss and its circumstances.

   (2)   Following a loss, You are to:

      a)   Comply with any reasonable request made of You by Us;
      b)   In the event of submersion, immediately flush out, oil and dry motors, electrical equipment and components;
      c)   In the event of theft, immediately notify the Coast Guard, Harbor Patrol, Police or other appropriate authority.
      d)   Give us the opportunity to inspect the damaged property before it is repaired or discarded;
      e)   Submit a claim form and/or a statement describing the loss (owner's or master's statement of loss) and any records needed to verify the loss, its amounts and if requested, your interest in any property loss;
      f)   Assume no obligation, admit no liability and incur no expense for which We may be liable without our written permission, other than allowable expenses incurred to protect the property from further loss.
      g)   Immediately forward to Us any legal papers or notices received in connection with the loss.
      h)   Co-operate with Us in the investigation, defense or settlement of any loss and agree to be examined under oath if We so request;
      i)   Allow examinations by physicians of our choice, when pertinent to the loss;
      j)   Help Us to obtain copies of medical reports and records;
      k)   Give Us a final notarized statement ("Statutory Declaration") if requested.

B    Payment of Loss:

   After We receive all statements and supporting papers, We will promptly process Your claim. Upon agreement with You of the amount to be paid, We will ask You to complete a proof of loss as discharge of liability.  After submission of this document payment will be issued to You and/or any lien holder and/or repair Yard your co-operation is needed to expedite settlement and payment.

C    Our Right to Recover:

   If You have the right to recover from another party who is responsible for a loss to the insured Boat and if We pay Your loss under the policy, this right of recovery will belong to Us - You shall render to Us all possible aid.

777 R Cox/Aschener 2000                        4

20 April, 2000

## BOAT POLICY INSURING AGREEMENT

We, The Company, and You, the insured, agree to comply with the terms of this policy for our mutual benefit on the condition that You pay the charges and use reasonable care and diligence in the operation and maintenance of the insured Boat, we will pay for direct physical loss or damage to the vessel from any external cause minus any applicable deductible as shown on Declaration Page.

Notwithstanding the above, coverage afforded hereon is in accordance with attached wording and may be varied by endorsement as shown within Endorsement Page(s) contained in this policy, such endorsements being specifically noted on Declaration Page.

## SECTION 1 - HULL

A    Perils Insured

If a sum insured is shown for Section 1 on the Declarations Page. We will pay for direct physical loss or damage to Your Boat from any external cause which happens within the navigation limits of this policy or, at Our option, We may pay the reasonable cost of repairing Your Boat. The amount(s) payable under this Section will not exceed the amounts shown on the Declaration Page under Section 1 plus salvage charges.

Cover is also provided for:

(1)    Collision Liability - We will indemnify you any sum or sums paid by you to any other person or persons by reason of you becoming legally liable by way of damages for

loss of or damage to any other vessel or property on any other vessel

delay to or loss of use of any such other vessel or property thereon

where such payment by you is in consequence of your boat hereby insured coming in collision with any other vessel.

(2)    Transit - If Your Boat is designed to be trailerable and does not exceed 30' in length and is being towed by the Insured and You are complying with all the statutes and laws, We will pay for any loss of or accidental damage to the Boat while it is in transit by land, within the United States of America or Canada, with the exclusion of liability.

(3)    Emergency Services - We will pay the reasonable cost You incur (not to exceed $200.00 per occurrence) resulting from the following emergency service to Your Boat:

   a)    Mechanical labor up to one hour at the place of breakdown;

   b)    Delivery of gas, oil, loaned battery or change of tire.  We do not pay for the cost of these items;

(4)    Towing - We will pay up to *US$250.00* for towing to the nearest place where necessary repairs can be made.

(5)    Theft of the entire vessel or her boat(s), or outboards motor(s) provided it is securely locked to the vessel or her boat(s) by an fully functional anti-theft device in addition to its normal method of attachment, or, following upon forcible entry into the vessel or place of storage or repair.

777 R Cox/Aachener 2000

Case 1:01-cv-03537-JLK   Document 1   Entered on FLSD Docket 08/16/2001   Page 12 of 35

20 April, 2000

(6)     Theft of machinery (other than stated above) gear or equipment following upon forcible entry into the vessel or place of storage or repair.

(7)     Notwithstanding (5) and (6) above Theft coverage for vessels stored on trailer is restricted to theft occurring whilst the vessel is in a marina, locked garage, locked and secured enclosure or locked and secured storage building following upon forcible entry into the marina, locked garage, locked and secured enclosure or locked and secured storage building.

The deductible as stated on the Declarations Page is not applicable in respect to Paragraph 2 and 3 above

B     Agreed Value:

We agree with You that the insured Boat and other covered property shall be valued at the amount shown on the Declarations Page, but loss or damage to internal &/ external paints, finishes, gelcoat, or other covering, bottom paint including but not limited to anti-fouling or barrier coat finishes, sails, standing and running rigging, internal &/or external protective covers, canvas, vinyl, other like material, internal &/or external upholstery, fabrics, wall coverings, carpets and rugs, machinery including but not limited to engines, generators, water making and waste systems, outboards motors, outdrives, trim tabs, stabilisers, batteries and solar charging panels, electrical equipment including but not limited to internal and external appliances, winches, pump motors and electrical deck gear, inflatable tenders or dinghies, hard FRP composites, aluminium, wooden tenders or dinghies will be subject to payment on the basis of depreciation cash value less the applicable deductible. Depreciated cash value *means* replacement cost less the annual percentage factor of depreciation shown as follows;

a) To g) inclusive the following percentages shall be applied after the 1ˢᵗ year of manufacture or application.

a)     Bottom paint including but not limited to anti-fouling or barrier coat finishes 50% per annum.
b)     Sails, standing and running rigging – 12.5% per annum.
c)     Internal and/or external upholstery, fabrics, wall coverings, carpets and rugs protective covers, canvas, vinyl and other materials – 20% per annum.
d)     Outboard Motors - 20% per annum.
e)     Batteries and solar charging panels - 20% per annum.
f)     Inflatable, tenders or dinghies – 12.50% per annum.
g)     Hard FRP, composites, aluminium or wooden tenders or dinghies – 10% per annum.

h) To k) inclusive the following percentages shall be applied after the 3ʳᵈ year of manufacture or application.

h)     Internal and /or external paints, finishes, gelcoat or other covering – 10% per annum.
i)     Electrical equipment including but limited to internal and external appliances winches, pump motors and electric deck gear - 10% per annum.
j)     Machinery including but not limited to engines, generators, water making and waste systems - 7% per annum.
k)     Outdrives, trim tabs, stabilisers -20% per annum.

The cost of dry docking and/or lay-days shall be adjusted in accordance with the required time to complete the repair of covered losses.

777 R Cox/Aschener 2000

.6

20 April, 2000

However in no event shall the depreciation value be less than 20% of the replacement cost.
Reasonable labor costs to repair or replace the damage items following a recoverable claim
shall be payable in full subject always to the application of the appropriate deductible.

If the hull is made in whole or in part of plywood, fibreglass, metal or other material of
similar nature its repair shall be made by applying suitable patches to the damage hull area in
Accordance with generally accepted good repair practice. This insuring agreement only covers the
cost or expenses of painting or impregnating the immediate damage area or areas.

## EXCLUSIONS

This insurance does not cover:

1. Personal effects and clothing of any description, water ski equipment, diving equipment, fishing equipment, moorings, provisions & fuel unless an amount is shown on the Declarations Page(s) under Section 4. "Personal Effects.";
2. Equipment, except as defined in the Definition of Boat Equipment;
3. Mechanical and/or electrical breakdown caused by wear and tear, gradual deterioration, including hidden defect and/or latent defect;
4. The cost of repairing or replacing any hidden or latently defective part of the Boat or Mechanical and/or Electrical Equipment.
5. Theft or larceny or infidelity by the insured person or any other party in control of the Boat with Your authority;
6. The cost of repairs or replacing any part of the Boat defective by reason of wear and tear, gradual deterioration, osmosis, mechanical breakdown, wet or dry rot, corrosion, weathering, marring, scratching, denting, vermin, pets or marine life, or electrolytic or galvanic action;
7. Any loss caused directly or indirectly by ice or freezing while moored afloat or laid up ashore;
8. Loss or damage to motors caused by or resulting from seizure and/or overheating unless consequent upon an accident, which is a claim under the policy;
9. Any claims caused by or arising out of the unseaworthiness or lack of repair of the Boat or any substitute Boat;
10. Any claims caused by the lack of reasonable care and diligence in the safeguard or maintenance of the Boat by the insured or any other party in control of the Boat with Your authority;
11. Any loss, damage or expense caused intentionally by or with Your knowledge;
12. Any liability for wages or provisions furnished to master or crew;
13. Outboard motors dropping off or falling overboard;
14. Sails and protective covers split by the wind or blown away while set unless in consequence to damage to which sails are bent, or occasioned by the Boat being stranded or in collision or contact with any external substance (ice included), other than water.
15. Outboard motors that are not equipped with fully functional anti-theft device.
16. All transit risks except as noted on the Declaration Page.
17. Moorings, Provisions and Fuel.
18. Loss &/or damage caused to Laptop computers and related/associated equipment. This exclusion also covers laptop computers being used in part or in whole for navigational use.
19. Tenders/dinghies and the like whilst being towed by parent vessel
20. Any personal expenses or those of Your family including but not limited to, cost of Your own labor, hotel or accommodation costs, car rental, communication costs.
21. Loss caused by delay and or loss of use and enjoyment of the schedule vessel and or its equipment.

777 R Cox/Aschener 2000

7

22     20 April, 2000

Theft coverage hereunder shall exclude mysterious disappearance of equipment or
23    personal property whatsoever.

Negligence or breach of contract in respect of any repair or alteration work carried out
for Your account or in respect of the maintenance of the vessel.

## GENERAL

**A**    Payments:

In the event of:

1    Total or Constructive Total Loss - We will pay You the Agreed Values shown on the
Declarations Page if the Boat is totally lost, or if the cost of recovery and repair exceed
the Agreed Value;

2    Repairs for Partial Loss - We will pay the full cost of repair, except that depreciation
shall apply to internal &/ external paints, finishes, gelcoat, or other covering, bottom
paint including but not limited to anti-fouling or barrier coat finishes, sails, standing and
running rigging, internal &/or external protective covers, canvas, vinyl, other like
material, internal &/or external upholstery, fabrics, wall coverings, carpets and rugs,
machinery including but not limited to engines, generators, water making and waste
systems, outboards motors, outdrives, trim tabs, stabilisers, batteries and solar charging
panels, electrical equipment including but not limited to internal and external
appliances, winches, pump motors and electrical deck gear, inflatable tenders or
dinghies, hard FRP composites, aluminium, wooden tenders or dinghies will be subject
to payment on the basis of depreciation cash value less the applicable deductible. In the
event of damage to plywood, plastic, fibreglass, metal, cement or other moulded
material, We are obligated to pay only the reasonable cost of repairs or suitable patches
to the damaged area or areas in accordance with marine repairs practice. This insuring
agreement only covers the cost or expenses of painting or impregnating the immediate
damaged area or areas. We have the option to make repairs and/or replacements like for
like, or to pay You directly based on the agreed estimate of loss.

3    Unrepaired Damage - We are not liable for any previous unrepaired damage.

4    Salvage - If We pay You the Agreed Value for the Boat or any of its components,
equipment or accessories, any salvage of those items belongs to Us.

**B**    Deductible:

The deductible as shown on the declaration page is applicable to each and every loss except
total loss of the parent vessel unless the provisions of the Named Windstorm Deductible apply
hereunder.

For deductible purposes each loss shall be adjusted separately. However, two or more insured
losses resulting from the same accident or occurrence shall be treated as one claim.

**C**    Salvage Charges:

We will pay all agreed and necessary salvage charges occasioned by a loss insured under this
Section. Our liability for salvage charges shall not exceed the sum insured by Section 1 of the
Policy.

777 R Cox/Aschener 2000

20 April, 2000

## SECTION 2 - PROTECTION AND INDEMNITY

A.   We will pay on Your behalf all sums which You shall become legally liable to pay as damages subject to the terms and conditions of this policy and the limits stated in Section 2 of the Declaration Page for:

   a.   Bodily Injury or Property Damage for which You are legally liable to pay as a result of an accident arising out of ownership, maintenance or use of the vessel;

   b.   Property Damage to another vessel for which You are liable when those sums exceed the amount of insurance provided in the Collision Liability Clause in Section 1 - Hull and Equipment, but in no event will We be obligated to pay more than the combined limits stated in Sections 1 and 2 of the Declarations Page.

   c.   Removal of Wreck: We will pay for the removal or disposal of the wreck of the insured Boat if You are legally obligated to do so. We will also pay the amount for which You are held liable if Your attempts to remove the wreck fail.

B.   It is agreed that if a claim occurs for which We would have been liable for but owing to the default, act or omission upon Your part in obtaining from Us such coverage. We are not bound to accept liability.

However, if such default, act or omission has occurred without the knowledge of other party(ies) with a noted interest in this Policy, We will nevertheless accept liability only to such party(ies) to the extent of their interest but limited to the sum insured provided the loss is caused by an insured peril or would have been incorporated as an insured peril notwithstanding the default, act or omission upon Your part.

C.   It is agreed that Exclusion 5 of Section 2 of the policy shall not apply to liabilities imposed upon You by the terms and conditions of a lease or agreement for the provision of a berth or mooring or storage facility.

D.   It is agreed that the person in charge of and in control of the insured Boat while making way or under way shall be You only or others that may be declared and agreed from time to time by Us and endorsed hereon.

## EXCLUSIONS

We do not provide liability coverage for:

1   Bodily injury or property damage intentionally caused by You;

2   Bodily injuries for which benefits are required to be provided or are available under any State or Federal compensation law or act;

3   Bodily injury to any person who is an employee of the insured while engaged in the operation, maintenance, use or repair of the Boat.

4   Bodily injury or property damage arising out of the transportation of the Boat on land or by sea craft or by air;

5   Liability which has been assumed by You under any contract or agreement.

6   Any fine or penalty assessed by a governmental unit;

7   Bodily injury or property damage during such time as the insured Boat is being used to tow any waterskiers, glider(s), kite(s), parasailer(s) or other airborne or experimental devices. The insured Boat will be deemed to be used for towing from the time any person or persons or objects begin to leave the insured Boat, when towing commences, or when towing is in progress and until all persons or objects have been safely landed on board the insured boat or elsewhere.

777 R Cox/Aachener 2000

20 April, 2000

8    At no time does this policy provide coverage for accidents or bodily injuries to passengers or guests while engaged in sub-aqua activity involving the use of aqualung or other sub-aqua equipment or submersible craft, hard hat diving activities or skin diving of any kind.

**This exclusion applies to all injuries whether sustained in whole or in part while leaving the vessel to enter the water, while in the water, or while boarding the vessel on return from the water.**

**This exclusion also applies to any injuries, wherever sustained as a direct result of the negligence of anyone in connection with said equipment which plays any causative or contributing role.**

9    At no time does this policy provide coverage for bodily injury or personal injury or loss of, damage to or loss of use of property directly caused by seepage into or onto or pollution of or contamination of air, land, water or any other property, however caused and whenever happening.

The words "loss of, damage to or loss of use of property" as used in this exclusion include, but shall not be limited to:

(a)  the cost of evaluation, monitoring, controlling, removing, nullifying or cleaning-up any seeping, polluting or contaminating substances;

(b)  loss of, damage to or loss of use of property directly or indirectly resulting from sub-surface operations of Yours;

(c)  removal of, loss of or damage to sub-surface oil, gas or any other substance.

This exclusion shall not apply where such seepage, pollution or contamination:

1.    was accidental and was neither expected nor intended by You, and

2.    the occurrence is identified as commencing at an instantaneous moment in time within a seventy-two (72) hour period during the policy period, and

3.    the occurrence is reported to Us within thirty (30) days of the occurrence becoming known to You.

10   It is agreed that the policy excludes liability for any or all punitive damages or damages assessed against You by way of punishment, fine or penalty.

## LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT

Coverage Provided: If You have elected protection under Section 2, We will provide for but may not exceed, the law's requirement for any liability which You, as owner of the insured Boat, may incur under the Federal Longshoremen's and Harbor Workers' Compensation Act during the terms of this Policy.

777 R Cox/Anchorer 2000

10

20 April, 2000

## AGGREGATE LIMIT OF LIABILITY

Unless stated to the contrary The amount shown for Boating Liability on the Declaration Page is the most We will pay under Section 2 regardless of the number of insured persons, claims made or Boats involved in any one accident, or series of accidents, arising out of the same event.

777 R Cox/Aachener 2000

11

20 April, 2000

### SECTION 3 - MEDICAL PAYMENTS

Coverages Provided: If a sum insured is shown for Section 3 on the Declarations Page, We will pay the necessary medical and funeral expenses resulting from a bodily injury occurring while in, upon, boarding or leaving the insured boat. These expenses must be incurred within one year from the date of the accident. This coverage will be excess of any other applicable insurance.

Exclusions:     We do not provide Medical Payments coverage for:

1.  Responsibility assumed by You under contract or agreement;
2.  Anyone who is injured while the Boat is being transported;
3.  Injury to a trespasser on the Boat;
4.  Your employees; or
5.  Injuries for which benefits are required to be provided or are available under any State or Federal compensation law or act.

Limit of Liability: In any one accident, or series of accidents arising out of the same event, We will not be liable for medical payments beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.

### SECTION 4 - PERSONAL EFFECTS

If a sum insured is shown for Section 4 on the Declarations Page, We will pay for all direct physical loss or damage to the personal effects from any accidental cause. This coverage only applies to effects owned by the insured named on the Declarations Page and the insured's immediate family and only while the property is aboard the Boat or being loaded onto or from the Boat. This insurance does not cover sports fishing equipment, cameras, currency, jewelry, furs, china, silver, valuable papers, documents, antiques, collectibles or computer hardware (including laptop computers) and software and credit cards, travelers cheques, watches, fine art.

We will pay the actual cost value of the effects at the time of the loss or the amount shown on the Declaration Page, whichever is the lower sum (less the deductible). In any one incident or accident, We will not be liable for personal effects beyond the amount shown on the Declarations Page regardless of the number of persons involved or claims made in the accident.

### Exclusions:-

We do not provide personal effects coverage for loss or damage caused by wear and tear, gradual deterioration, mechanical or electrical failure or disturbance, corrosion or inherent vice, dampness, temperature changes or mysterious disappearance.

### SECTION 5 - UNINSURED BOATER COVERAGE

Uninsured Boat Owner: "Uninsured Boat owner" means an owner or operator of a Boat other than the Boat named in this Policy who is legally responsible for the accident and:

1.  To whom no liability policy applies; or
2.  Who cannot be identified.

Payment:  We will pay the damages, which, because of bodily injury received aboard Your Boat, You are legally entitled to recover from an uninsured owner or operator of another Boat.

777 R Cox/Aachener 2000

12

20 April, 2000

Limit of Liability: The limit of liability shall be the lesser of the sum insured provided by Section 5 of the policy or *US$100,000* and this shall be Our maximum limit of liability for all damages resulting from any one accident.  This is the most We will pay regardless of the number of:

a   Covered persons;
b   Claims made;
o   Boats or premiums shown in the Declarations; or
d   Boats involved in the accident.  Any amount otherwise payable for damages under this coverage shall be reduced by all sums:

    i   Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible.  This includes all sums paid under Section 1 and any payment under this coverage will reduce any amount that person is entitled to recover for the same damages under Section 2 of the Policy.

3   We do not provide uninsured Boat owner coverage for:

    a)   Claims settled without our written consent;
    b)   Boats owned by or furnished for the regular use of You, a member of Your family or any person insured by this Policy;
    c)   An Insured using a Boat without permission.
    d)   When the yacht named on the Declaration page is on bareboat charter.
    e)   Where no evidence of physical contact exists between Your Boat and an uninsured vessel.

777 R Cox/Aachener 2000

13

06/25/2001  17:01   9549243575                 AMB INTL                    PAGE  15

20 April, 2000

## GENERAL CONDITIONS APPLICABLE TO ALL SECTIONS OF THIS POLICY

*Changes in Policy*: This policy contains all the agreements between You and Us. No changes may be made unless agreed by Us in writing.

*Continuation Clause*: If You have been at sea in Your Boat for more than 24 hours and this policy expires (other than by cancellation), the policy will remain in effect until You arrive at Your next port and while moored there for 24 hours, provided that You notify our office within the first 24 hours of Your arrival and make the necessary arrangements as may be required by Us to renew Your Policy.

*Warranty of Seaworthiness*: It is agreed by You that Your Boat shall be maintained in a seaworthy condition at all times. In the event of loss or damage affecting the seaworthiness of the Boat, you shall restore it to a seaworthy condition as soon as reasonably possible and that Your Boat will not be operated pending completion of such repair without Our express written approval.

*Concealment or Misrepresentation*: We do not provide coverage for any Insured Person who intentionally concealed or misrepresented any material fact or circumstances relating to this insurance.

*Compliance Warranty*: It is warranted by You that all necessary or required licenses, permits and certificates pertaining to the use and operation of Your Boat are in force and effect as of the effective date of the coverage's provided, and will be so during the period of this insurance, and that during all such times You will comply with all laws, rules and regulations that apply to the uses to which You employ Your Boat.

*Cancellation and Return Premium*: You may cancel at any time by returning this policy to Us or by providing Us with advance written notification of the cancellation date. If You request cancellation, the return premium will be pro-rata. We may cancel this policy by notifying You in writing at least ten (10) days before the date the cancellation is to take place. This cancellation notice may be mailed to You at the address shown on the Declarations Page and such mailing shall be sufficient proof of notice. If We cancel, the return premium will be pro-rata. In the event of a total or constructive total loss, the full annual premium will be due and considered fully earned.

*Other Insurance*: You may have other insurance which covers Your losses. If so, the most We will pay for the loss will be calculated in this way:

1   First, We will add the total applicable coverage limits of all valid and collectible insurance covering the loss;

2   Second, We will figure what percentage our coverage limit is of this total;

3   Finally, We will multiply the amount of Your loss by this percentage. The result is the most We will pay.

*Transfer of Interest*: If you sell, transfer, mortgage or pledge Your boat or this policy, policy coverage will cease unless You have our prior written consent.

*Lay Up*: If You notify Us either in Your application or on Your renewal invitation or in writing of Your intention to lay Your Boat up for specified months and We agree and allow You a reduction in Your premium, then during such specified months the cover provided by Section 1 of this Policy will only apply when the Boat is:

777:R Cox/Aachener 2000

14

06/25/2001  17:01   9549243575          AMB INTL                    PAGE   16

20 April, 2000

1   Ashore/Afloat, out of commission and in a safe berth for the purpose of storage;
2   Is not ready for immediate use;
3   Is not used during the specified period;
4   Is not used for living on board.

**Inboard Machinery:** Where Your Boat is fitted with inboard machinery no liability shall attach to this insurance in respect to any claim caused by or arising through fire or explosion unless the insured craft is equipped in the engine room (or engine space) tank space and galley or galley area with a fire extinguishing system automatically operated or having controls at the steering position OR a manual fire extinguisher installed in an accessible position.

Where such systems and safeguards are fitted, it is further warranted that the equipment is properly installed and maintained in efficient working order.

**Conformity to Statute:** Any provision in this Policy that conflicts with any State statute is hereby amended to conform to the minimum requirements of the State statute.

**Abandonment:** We need not accept or pay for any insured property abandoned by You.

**Impairment of recovery:** You shall render to Us all possible aid in obtaining information and evidence should We desire to take proceedings at Our own expense and for Our own benefit in Your name.

**Defense and Cost**

With respect to the coverage provided by Us to an Insured Person, We will:

a   Defend any suit against an Insured Person alleging claims and seeking damages which are within the coverage provided by this policy even if such suit is groundless, false or fraudulent, but We may make such investigation, negotiation and settlement of the claims or suit as We may deem necessary;

b   Pay, in addition to the applicable limits of Insurance coverage stated in the relevant Section(s) on the Declaration Page:

i   All expenses incurred by Us, or taxed against an Insured Person in any such suit and all interest on the entire amount of any judgement therein which accrues after entry of the judgement and before We have paid or tendered or deposited in Court that part of the judgement which does not exceed such limit;

ii  All reasonable expenses other than loss of earnings incurred by an Insured Person at Our request;

provided that immediate notice of any such claim or suit is given to Us as required above by the Insured Person and provided that We will have the right to appoint counsel of Our choice to investigate and, as We believe necessary, defend such suits. Failure to provide such notice may prejudice the insurance coverage's provided by this policy of insurance.

777 R Cox/Aachener 2000

15

20 April, 2000

*Arbitration:*  If You and We fail to agree on the amount of loss, either may demand that the amount of the loss be set by arbitration. This demand must be made within sixty (60) days after We receive proof of loss. If either asks a written demand for arbitration, each shall select a competent, independent arbitrator and notify the other of the arbitrator's identity within twenty (20) days of receipt for written demand. The two arbitrators shall then select a competent impartial umpire. If they don't agree upon an umpire within fifteen (15) days, You or We may ask a judge of a court of record in the State where the arbitration is pending to select an umpire. The arbitrators shall then state separately the actual cash value at the time of loss and the amount of loss. If the arbitrators submit a written report of an agreement to Us, the amount agreed upon will be the amount of loss. If the arbitrators fail to agree within a reasonable time, they will submit their differences to the umpire. Written agreement signed by any two of these three will set the amount of the loss. Each arbitrator will be paid by the party selecting that arbitrator. Other expenses of the arbitration and the umpire will be paid equally by You and Us.

*Co-Loss Payee:* If a co-loss payee is named in this insurance, any loss payable will be paid to the co-loss payee and You, as interest may appear. If more then one co-loss payee is named, the order of payment will be the same as the order of precedence of the co-loss payees. Subject to the other terms and provisions of this insurance, We cover the interests of the co-loss payee.

*Punitive or Consequential Damages:* In no event will the coverage that is provided by this insurance include any coverage for punitive or exemplary damages awarded against an Insured Person for any reason whatsoever nor will coverage include consequential damages, including loss of use or loss due to delay, whether claimed against Us by an Insured Person or third person.

*Renewal:*  The policy period is the period shown on the Declarations Page. This policy may be renewed for successive policy periods if the required premium is paid and accepted by Us or agreed to be paid and accepted by Us on or before the expiration of the current policy period. The premium will be calculated at a rate agreed by Us.

*Held Covered:*  If the Navigation Limits of this policy are breached for reasons beyond Your control, coverage will remain in effect, provided:

a   We receive written notice as soon as the facts with respect to the breach are known to the insured;

b   Additional premium is paid at the current rates then in effect.

## GENERAL EXCLUSIONS APPLICABLE TO ALL SECTIONS OF THIS POLICY

This policy does not cover:

1   The deductible as defined in the Policy Definitions;

2   Any claims arising when the Boat or any substitute Boat is:

777 R Cox/Aachener 2000

16

20 April, 2000

    a   Power Boats being used for racing, ski trials, speed tests, time trials or any like event, unless extended;

    b   Being used for illegal activities.  This exclusion (c) does not apply if You were not the person using or in control of the Boat and You prove to Us that You did not consent to the use of the Boat by a person in such circumstances;

    c   Left moored or anchored unattended off an exposed beach or shore, this does not preclude visits to the shore during daylight hours; subject always that in the event of adverse weather conditions arising immediate return to the vessel is required.

3   Any loss resulting from:

    a   Institute Radioactive Contamination Exclusion Clause:  This clause shall be paramount and shall override anything contained in this insurance inconsistent therewith:

       (1) In no case shall this insurance cover loss damage liability or expense directly or indirectly caused by or contributed to or arising from:

         1.1  ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste or from the combustion of nuclear fuel;

         1.2  the radioactive, toxic, explosive or other hazardous or contaminating properties of any nuclear installation, reactor or other nuclear assembly or nuclear component thereof;

         1.3  any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter.

    b   Pollution or contamination by any substance;

    c   War (declared or undeclared), civil war, insurrection, rebellion, revolution or any consequence of these; or

    d   Capture, seizure, arrest or detainment of the Boat by any governmental power or authority, whether lawful or unlawful.

777 R Cox/Aachener 2000

17

20 April, 2000

**THE FOLLOWING CLAUSES/WARRANTIES SHALL BE PARAMOUNT AND SHALL OVERRIDE ANYTHING CONTAINED IN THIS INSURANCE INCONSISTENT THEREWITH**

**WAR EXCLUSION**

In no case shall this insurance cover loss, damage, liability or expense caused by

a    war, civil war, revolution. rebellion, insurrection or civil strife arising therefrom, or any hostile act by or against a belligerent power

b    capture. seizure, arrest. restraint or detainment (barratry and piracy excepted), and the consequences thereof or any attempt thereat

c    derelict mines, torpedoes. bombs or other derelict weapons of war.

**STRIKES AND POLITICAL ACTS EXCLUSION**

In no case shall this insurance cover loss, damage, liability or expense caused by

a    strikers, locked-out workmen, or persons taking part in labour disturbances, riots or civil commotions

b    any terrorist or any person acting from a political motive

**NUCLEAR EXCLUSION**

In no case shall this insurance cover loss, damage, liability or expense arising from

a    any weapon of war employing atomic or nuclear fission and/or fusion or other like reaction or radioactive force or matter

b    ionising radiations from or contamination by radioactivity from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel

c    the radioactive. toxic, explosive or other hazardous properties of any explosive nuclear assembly or nuclear component thereof.

**RENEWAL SURVEY WARRANTY CLAUSE**

Failure to comply with the warranty, as set out below, will result in automatic non-renewal of this insurance.

Underwriters hereon hereby give the insured formal notice that a new, up to date out of water survey is required no less than sixty (60) days prior to the expiration date on the Certificate of Insurance to which this warranty attaches.

**You are hereby notified that, in the event said survey is not furnished within the time provided for above. your policy will not be renewed and will expire on the expiration date set forth on your Certificate of Insurance.**

777 R Cox/Aachener 2000

18

20 April, 2000

It is also noted and agreed by the insured that this clause is evidence of the requirements under the applicable law and that no other formal written notice is required from participating Underwriters hereon with respect to the survey requirement and with respect to non-renewal of the policy in the event the requested survey is not provided within the time provided for above.

## DELIBERATE GROUNDING/BEACHING EXCLUSION CLAUSE.

We will not pay for any physical loss or damage directly or indirectly caused by the vessel or her tenders or dinghies, jet skis and the like being deliberately grounded or beached.

## SEAWORTHINESS WARRANTY

It warranted that the scheduled vessel is seaworthy at the inception of this Insuring agreement.

**Violation of this warranty will void this insuring agreement from its inception.**

Furthermore and unless We have agreed in writing to the contrary, if we request a survey of the schedule vessel then such survey must be received by Us within 30 days of the effective date of this agreement. If the survey makes any recommendations with respect to the scheduled vessel, then it is an expressed warranty of this agreement that all such recommendations are completed prior to any loss giving rise to any claim hereunder, by skilled workmen using fit and proper materials and that either;

1) The surveyor who carried out the survey certifies in writing that all recommendations have been completed to his (the surveyors) satisfaction prior to any loss and/or claim hereunder

Or

2) The workmen/repair yard that carried out the said work and/or recommendations certifies in writing that all recommendations have been completed prior to any loss and/or claim

Or

3) Where You undertake the work yourself You certify in writing that all the recommendations have been completed, in accordance with generally accepted good repair practice. Any inaccurate statement made by You in this respect will void this insuring agreement from its inception.

**Failure to comply with this warranty will void this agreement from inception.**

## NON-DISCLOSURE OR MISREPRESENTATION

This contract is null and void in the event of non-disclosure or misrepresentation of a fact or circumstances material to our acceptance of this insurance. No action or inaction by Us shall be deemed a waiver of this provision.

## CYCLONE, TYPHOON, HURRICANE & NAMED WINDSTORM

It is agreed that, in the event of a named cyclone, typhoon, hurricane & named windstorm warning, You will make every reasonable endeavour to remove the Boat from the water or to a cyclone or typhoon or hurricane-proof shelter or slip or take all other reasonable precautions as may be necessary to safeguard the Boat.

777 R Cox/Aachener 2000

20 April, 2000

## NAMED WINDSTORM DEDUCTIBLE CLAUSE

Loss of or physical damage to property insured arising from Named Windstorm, meaning a Tropical Depression, Tropical Storm, Hurricane or Windstorm Named by the National Weather Service or National Hurricane Center during the period 1st July to 30th November inclusive, when your vessel is within the following area:

Florida, North and South Carolina, Bahamas and US Gulf States including all navigable water therein.

Shall be subject to a 100% increase in deductible shown on the declaration page Section 1 or US$5,000 whichever is the greater, shall apply to each and every claim for such loss of or physical damage including total loss of the property insured.

Notwithstanding the foregoing and where your vessel is either based or operating South of Tropic of Cancer or North of 12.5 degrees North Latitude the following shall apply:

Loss of or physical damage to property insured arising from Named Windstorm, meaning a Tropical Depression, Tropical Storm, Hurricane or Windstorm Named by the National Weather Service or National Hurricane Center during the period 1st July to 30th November inclusive

Shall be subject to a 100% increase in deductible shown on the declaration page Section 1 or US$7,500 whichever is the greater, shall apply to each and every claim for such loss of or physical damage including total loss of the property insured.

**The provisions of this clause are paramount and shall override any provisions contained in this insurance to the contrary.**

## SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of the Underwriters severally subscribing this insurance (the Underwriters) to pay any amount claimed to be due hereunder, the Underwriters, at the request of the Assured, will submit to the jurisdiction of a court of competent jurisdiction within the United States of America.

Notwithstanding any provision elsewhere in this insurance relating to jurisdiction, it is agreed that the Underwriters have the right to commence an action in any court of competent jurisdiction in the United States of America, and nothing in this clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to remove an action to a United States Federal District Court or to seek remand therefrom or to seek a transfer of any suit to any other court of competent jurisdiction as permitted by the laws of the United States of America or any state therein.

Subject to the Underwriters' rights set forth above:

(a)   It is further agreed that the Assured may serve process upon any senior partner in the firm of:

777 R Cox/Anchener 2000

20

06/25/2001  17:01    9549243F          AMB INTL                                    PAGE   22

20 April 2000

**Mendes & Mount (Attorneys), 750 Seventh Avenue, New York, N.Y. 10019-6829**

and that in any suit instituted against any one of them upon this contract the Underwriters will abide by the final decision of the Court or of any Appellate Court in the event of an appeal.

(b)  The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the Assured to give a written undertaking to the Assured that they will enter a general appearance upon the Underwriters' behalf in the event such a suit shall be instituted.

(c)  The right of the Assured to bring suit as provided herein shall be limited to a suit brought in its own name and for its own account.  For the purpose of suit as herein provided the word Assured includes any mortgage under a ship mortgagee which is specifically named as a loss payee in this insurance and any person succeeding to the rights of any such mortgagee.

(d)  Further, pursuant to any statute of any state, territory or district of the United States of America which makes provision therefor, Underwriters hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office (the Officer), as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Assured or any beneficiary hereunder arising out of this contract of insurance, and hereby designate the above-named as the person to whom the Officer is authorized to mail such process or a true copy thereof.

If this clause is attached to a contract of reinsurance the terms insurance and Assured shall mean reinsurance and Reassured respectively.

**Only those endorsements specifically stated on the declaration page are applicable and binding to this insurance**

### E 1 TRANSIT - BOAT OVER 30 FEET

Section 1 of the Policy is extended to cover the Vessel being over 30 feet in length while being towed or in transit by road, rail, ship or air, provided You comply and act within the statutory rules and regulations governing the towing of the Boat, but excluding claims for scratching, bruising or denting.

### E-2 LENDER'S LOSS PAYABLE ENDORSEMENT

It is agreed that:

1      Loss or damage, if any, under this policy, shall be paid to the loss payee named on the Declarations Page of this policy, it's successors and assigns, hereinafter referred to as "Lender," in whatever form or capacity its interests may appear and whether said interest be vested in said Lender in its individual or in its disclosed or undisclosed fiduciary or representative capacity, or otherwise, or vested in a nominee or trustees of said Lender.

777 R Cox/Aachener 2000

21

06/25/2001  17:01   95492435⁻          AMB INTL                    PAGE   23

20 April 2000

2   The insurance under this policy, or any rider or endorsement attached thereto, as to
the interest only of the Lender, its successors and assigns, shall not be invalidated
nor suspended: (a) by any error, omission, or change respecting the ownership,
description, possession, or location of the subject of the insurance or the insurance
therein, or the title thereto;  (b) by the commencement of foreclosure proceedings
or the giving of notice of sale of any of the property covered by this policy by
virtue of any mortgage or trust deed; (c) by any breach of warranty, act, omission,
neglect or non-compliance with any of the provisions of this policy, including any
and all riders now or hereafter attached thereto, by the named insured, the
borrower, mortgagor, trustor, vendee, owner, tenant, warehouseman, custodian,
occupant, or by the agents of either or any of them or by the happening of any event
permitted by them or either of them or their agents, or which they failed to prevent,
whether occurring before or after the attachment of this endorsement, or whether
before or after a loss, which under the provisions of this policy of insurance or of
any rider or endorsement attached thereto would invalidate or suspend the
insurance as to the named insured, excluding herefrom, however, any acts of
omissions of the Lender while exercising active control and management of the
property.

3   In the event of failure of the insured to pay any premium or additional premium
which shall be or become due under the terms of this policy or on account of any
change in occupancy or increase in hazard not permitted by this policy. We agree to
give written notice to the Lender of such non-payment of premium after sixty (60)
days from and within one hundred and twenty (120) days after due date of such
premium and it is a condition of the continuance of the rights of the Lender
hereunder that the Lender when so notified in writing by Us of the failure of the
insured to pay such premium, shall pay or cause to be paid the premium due within
ten (10) days following receipt of our demand in writing therefor.  If the Lender
shall decline to pay said premium or additional premium, the rights of the Lender
under this Lender's Loss Payable Endorsement shall not be terminated for ten (10)
days after receipt of said written notice by the Lender.

4   Whenever We pay to the Lender any sum for loss or damage under this policy and
shall claim that as to the insured no liability therefore exists, We at our option, may
pay to the Lender the whole principal sum and interest and other indebtedness due
or to become due from the extent of such payment, shall thereupon receive a full
assignment and transfer, without recourse, of the debt and all rights and securities
held as collateral thereto.

5   If there be any other insurance upon the within described property, We shall be
liable under this policy as to the Lender for the proportion of such loss or damage
that the sum hereby insured bears to the entire insurance of similar character on
said property under policies held by, payable to and expressly consented to by the
Lender.  Any Contribution Clause included in any Fallen Building Clause Waiver
or any Extended Coverage Endorsement attached to this contract of insurance is
hereby nullified, and also any Contribution Clause in any other endorsement or
rider attached to this contract of insurance is hereby nullified except Contribution
Clauses for the compliance with which the insured has received reduction in the
rate charged or has received extension of the coverage to include hazards other than
fire and compliance with such Contribution Clause is made a part of the
consideration for insuring such other hazards.  The Lender upon the payment to it
of the full amount of its claim, will subrogate Us (pro rata with all other insurers
contributing to said payment) to all of the Lender's rights of contribution under said
other insurance.

777 R Cox/Anchenor 2000

27

20 April, 2000

6   We reserve the right to cancel this policy at any time, as provided by its terms, but in such case this policy shall continue in force for the benefit of the Lender for thirty (30) days after written notice of such cancellation is received by the Lender and shall then cease.

7   This policy shall remain in full force and effect as to the interest of the Lender for a period of ten (10) days after its expiration unless an acceptable policy in renewal thereof with loss thereunder payable to the Lender in accordance with the terms of this Lender's Loss Payable Endorsement, shall have been issued by some insurance company and accepted by the Lender.

8   Should legal title to and beneficial ownership of any of the property covered under this policy become vested in the Lender or its agents, insurance under this policy shall continue for the term thereof for the benefit of the Lender, but in such event, any privileges granted by this Lender's Loss payable Endorsement which are not also granted the Insured under the terms and conditions of this policy and/or under other riders or endorsements attached thereto shall not apply to the insurance hereunder as respects such property.

9   All notices herein provided to be given by Us to the Lender in connection with this policy and this Lender's Loss Payable Endorsement shall be mailed to or delivered to the Lender at its office or branch described on the Declaration Page of the policy.

## E-3  MORTGAGEE PROTECTION

A.  It is hereby noted and agreed that the loss payee noted on the Declaration Page has an interest in the Boat as Mortgagee or otherwise and that any sums recoverable under Section 1 shall be paid to them up to the extent of their interest in the Boat, and they shall be entitled to give a good discharge in respect of any claim up to the extent of such interest.
B   It is further agreed that in the event of a claim arising for which We would have been liable but for Your act, default or failure to obtain a necessary permission, We will nevertheless accept liability for the claim, subject to the terms of the Policy, provided that the interested party had no knowledge of the said act, default or failure.

## E-4  OTHER PARTIES

It is agreed that Section 1 of the Policy is extended to include the interests and liability for the respective legal rights and interests of:

Other Parties: as stated on the declaration page.

## E-5. PAID CAPTAIN AND/OR CREW (EXCLUDING OWNER-CAPTAIN)

It is agreed the policy is extended to include Jones Act coverage while the Boat is in the service of a paid captain and/or crew.  If outside United States of America environs, then the local governing law will apply.

## E-6  TEMPORARY CREW COVERAGE

In consideration of the premium specified on the declaration page it is hereby understood and agreed that the liability coverage of the present policy covers the assured's liability to paid crew as defined in the Jones Act under the General Maritime law, for the loss of life, injury or illness.

777 R Cox/Aachener 2000

23

20 April, 2000

It is warranted that there shall not be more than the number of crew member(s) specified on the declaration page employed aboard the insured Boat at any one time.

Furthermore, it is agreed that in the event additional crew are to be employed during the term of this policy, You shall give prior notice to Us and pay any such additional premium as is required. If You fail to give Us such required written notice, then the additional crew, whether permanent or temporary crew, will be subject to a $1,500 bodily injury deductible.

Notwithstanding the aforementioned, Our maximum limit of liability under the policy shall not exceed the amount of insurance shown for liability coverage on the Declarations Page of endorsements attached thereto.

### E-7 LAY UP ASHORE

It is agreed that the cover provided by the policy is restricted in accordance with General Condition 11 while the Boat is laid up at the location shown below during the insurance period as shown on the Declaration Page for the months of:

   Lay Up Location

### E-8 LAY UP AFLOAT

It is agreed that the cover provided by the policy is restricted in accordance with General Conditions 11, Sub-section A of which is amended to read "Afloat, out of commission and in a safe berth for the purpose of storage." while the Boat is laid up at the location shown below during the insurance period as shown on the Declaration Page for the months of:

### E-9 BOAT TENDERS

It is agreed that cover is provided for the Boat's tender(s), (dinghy) and the motor(s) as defined, which may exceed fifteen (15') in length and be capable of speed in excess of twenty (20) knots.

### E-10 CREW

It is agreed that the Boat will be manned at all times when underway and making way by an adequate and fully qualified master and crew.

### E-11 BAREBOAT CHARTER

It is agreed that you may use the boat to engage in the activities of bareboat charter, but you must always comply and act within the statutory rules and regulations governing the use of the boat.

### E-13 SAIL TRAINING

It is agreed that You may use the Boat to engage in the activities of sail training, but You must always comply and act within the statutory rules and regulations governing the use of the Boat, skipper and the crew must be licensed as required by law.

777 R Cox/Aschener 2000

20 April 2000

## ENDORSEMENT E 14 - PERMISSION TO CHARTER

Sections 1 and 2 of the policy are extended to cover the Boat whilst on charter, provided that:

1 We shall have no liability in respect of any claims caused by or arising from the Charterer's failure to comply with any terms of the charter party or of the terms and conditions of the policy, or for any claims arising while the Boat is being used otherwise than for the private pleasure purposes of the Charterer.

2 In the case of a bareboat charter, the Charterer shall be covered for the same risks as You in respect of loss of or damage to the Boat under Section 1 and any third party liability under Section 2.

3 In the case of skipper-charter cover, cover shall only apply while You or Your licensed professional skipper is aboard and in control of the Boat.

Cover is further extended under Section 1 to include the misappropriation of the Boat by the Charterer, provided You have taken all reasonable steps to verify the Charterer's identity and to obtain financial references and (in the case of foreign charterers) have obtained details of the charterers' passport.

## E-15 DEMONSTRATION

It is agreed that the policy extends to cover You, Your principal(s) and employees acting on Your behalf while using any Boat insured by the terms of this policy which includes Boats which are Your property and Boats on consignment for the purpose of sale only while actually being used for private pleasure purposes or demonstration for the purpose of sale. These demonstrations may not exceed the amount of miles from port as stated on the declaration page.

## E-16 SKIPPERED CHARTER

It is agreed that you may use the boat to engage in the activities of skippered charter, but you must always comply and act within the statutory rules and regulations governing the use of the boat, skipper and the crew must be licensed as required by law.

## E-17 BAREBOAT AND SKIPPERED CHARTER

It is agreed that you may use the boat to engage in the activities of bareboat and skipper charter, but you must always comply and act within the statutory rules and regulations governing the use of the boat, and, if crewed, the Skipper & crew must be licensed as required by law.

## E-18 - PASSENGER LIABILITY - WITHOUT FOOD AND DRINK

It is agreed that the indemnity provided by Section 2 of the policy includes Your liability for a maximum of paying passengers as stated on the declaration page, but excludes liability arising out of the nature, conditions or quality of food and drink sold or supplied and that You must always comply and act within the statutory rules and regulations governing the use of the Boat, Skipper and the crew must be licensed as required by law.

777 R Cox/Anchener 2000

20 April, 2000

### E-19  COMMERCIAL USE  GAME FISHING

It is agreed that You may use the Boat to engage in the activities of game fishing, but You must always comply and act within the statutory rules and regulations governing the use of the Boat, skipper and the crew must be licensed as required by law.

777 R Cox/Aschener 2000

09-JAN-01 11:01 FROM MARSH AK LTD ID:0116 94215
10/22/96   11:48   FAX 1 954 761   00   MARINE   ID:0116 94215   PAGE   4/5

## RICHARD SPARROW AND COMPANY LTL

### Yacht Insurance Application

| Owner: LAZARO BARROSO | Occupation: Computers | Date of Birth: 5/23/64 |
|---|---|---|

Address: 444 E 17 ST.
City, Zip: Hialeah FL 33010

Telephone Number:
Home ( )
Work 305 558-821

### Yacht Description

| Manufacturer / Builder: Proline | Boat Name: | Registration / Documentation Number: |
|---|---|---|
| Built: 1997 | Horsepower: 450   Each: 225 | Maximum Speed: 30 | Length: 28 |

| [ ] Runabout | [X] Cruiser | Construction: [ ] Wood  [X] Fiberglass | Use: [X] Private Pleasure   Captain Charter [ ] |
| [ ] Sailboat | [ ] Houseboat | [ ] Aluminum  [ ] Steel | [ ] Bare Boat Charter   Racing   ( ) |

Name of Yacht: Old Man
Date Purchased: 10/96
Hull Identification Number:
Purchase Price: 80000

Engine Manufacturer / Model: Mariner
Year Built: 97
Serial Number(s):

| Type: [X] Gas  [ ] Diesel | Power Type: [X] Outboard  [ ] Inboard  [ ] Inboard / Outboard | Engine(s): [X] Twin  [ ] Single | Fuel Tanks: [ ] Metal  [ ] Fiberglass |

Auxiliary Generator Manufacturer:   [ ] Gas   [ ] Diesel

### Personal Data

Years Boating Experience: 17
Last Owned: (Size / Type):
Drivers License Number:

Boating Courses:
[ ] None
[X] U.S. Power Squadron
[ ] U.S. Coast Guard Auxiliary
[ ] Other

Loss History (Dates, Cause, Amounts): none

| Other Operators: (List) | Age: | Experience: | Driver's License Information: |
|---|---|---|---|

### Navigation

Navigation Area: Florida
Home Port: Miami
Number of Miles:   Bahamas X
Exact Mooring Location: 110 E. 42 ST - Hialeah FL
Lay Up:   From   To

### Navigation  Safety Equipment

| [X] VHF Radio | [ ] Radar | [ ] RDF | [X] Depth Finder | [ ] Auto Pilot |
| [X] Loran | [ ] Sat Nav | [X] GPs | [X] Anti Theft Devices | [X] Compass |
| [ ] Auto Halon | [ ] Auto CO₂ | [ ] Fume Detector | [X] Number of Hand Held Fire Extinguishers | [ ] Other |

### Dinghy  Tender

| Manufacturer: | Year: | Length: | Hull I.D. Number: |
| Date Purchased: | Purchase Price: | Current Market Value: | Registration Number: |

### Outboard Motor

| Manufacturer: | Horsepower: | Serial Number: | Date Purchased: | Purchase Price: | Current Value: |

### Trailer

| Year: 96 | Manufacturer and Model: Continental | Serial Number: | Number of Axles: 3 | Capacity: |
| Date Purchased: 10/96 | Purchase Price: 3208 | Current Market Value: | | |

### Survey

Current Survey: [ ] Yes  [ ] No
Date of Survey:
Afloat_____  Drydock_____
Name of Surveyor:
Market Value:
Replacement Cost:

09-JAN-01 11:50 FROM:MA'   UK LTD                    ID:01182   '215               PAGE  5/5
10/22/96  11:49  FRA 1 ***

## Lienholder

| Name and Address: | Loan Number |
|---|---|
| 1ST Commercial 2331 RT 34 - Allenwood NJ 08720 | Loan Balance |

## Miscellaneous

| Explain All Responses in Remarks: | Yes | No | Remarks |
|---|---|---|---|
| Is yacht ever chartered to others? | | ✓ | |
| Is yacht used commercially or for business purposes? | | ✓ | |
| Do you employ a paid captain or crew? | | ✓ | |
| Is yacht used for water skiing? | | ✓ | |
| Has any carrier cancelled or refused yacht insurance? | | ✓ | |
| Is the yacht used for racing? | | ✓ | |

## Insurance Coverages Requested

| Coverage | Amount of Insurance | Premium | Deductible |
|---|---|---|---|
| Yacht Hull and Equipment | $ 80,000 | $ | $ 1600 |
| Dinghy / Tender | $ | $ | $ |
| Mast, Spars, Rigging, Sails | $ | $ | $ |
| Combined Value | $ | $ | $ |
| Trailer | $ | $ | $ |
| Liability (P & I) | $ 300,000 | $ | $ 500 |
| Medical Payments | $ 5000 | $ | $ 100 |
| Personal Effects | $ 1000 | $ | $ 100 |
| Uninsured Boaters | $ 25000 | $ | $ 300 |
| Vessel Assistance / Towing | $ | $ | $ |
| Liability Cover (If Commercial) | $ | $ | $ |
| Trailer | $ 3200 | $ | $ |

**APPLICANT'S STATEMENT: I HAVE READ THE ABOVE APPLICATION AND I DECLARE THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF ALL OF THE FOREGOING STATEMENTS ARE TRUE; AND THAT THESE STATEMENTS ARE OFFERED AS AN INDUCEMENT TO THE COMPANY TO ISSUE THE POLICY FOR WHICH I AM APPLYING. (KANSAS: THIS DOES NO CONSTITUTE A WARRANTY.)**

The completion and signing of this application does not bind the **APPLICANT** or this **COMPANY** to effect insurance on this risk; it i submitted for purposes of rating and quotation only. If acceptable by this **COMPANY** it is agreed the information furnished herei shall be the basis of the contract should a policy be issued.

| Applicant Signature | Date: | Producer: BERG WILLIAMS MARINE INS. CORP. 1500 CORDOVA ROAD, # 306 FT. LAUDERDALE, FL 33316 |
|---|---|---|
| Applicant Signature | Date: | Policy Effective Date: 10/23/96 |
| | | Producer Code: |

22-OCT-1996  16:42            1 954 767 9700                              P.03

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS – 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)



## I.(a) PLAINTIFFS
ALL UNDERWRITERS AT LLOYD'S OF
LONDON, Subscribing to Policy No.
BW0391/00

**DEFENDANTS**
LAZARO BARROSO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jonathan W. Skipp, Esq.
HORR, NOVAK & SKIPP, P.A.
9100 S. Dadeland Blvd. #1104
Miami, FL  33156

ATTORNEYS (IF KNOWN)
Scott Schromber, Esq.
3225 Aviation Ave.   #600
Miami, FL  33133-4787

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

A: Docket: 01 CV 3537 King/O'sullivan

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
Appeal to District Judge from
☐ 7 Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Declaration of No Coverage under Marine Ins. Policy pursuant to
28 U.S.C. 2201

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  8/15/01
SIGNATURE OF ATTORNEY OF RECORD

$150.00  847619
08/15/01